UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD ALLISON,

    Plaintiff

v.

CLARK COUNTY DETENTION CENTER MEDICAL DEPT.,

    Defendant

Case No. 2:21-cv-00126-APG-NJK

**ORDER**

On April 6, 2021, Magistrate Judge Koppe ordered plaintiff Ronald Allison to file a complaint and an application to proceed *in forma pauperis* by a non-prisoner or pay the full filing fee of $402 by May 6, 2021. ECF No. 5 at 2-3. The May 6, 2021 deadline has now expired, and Allison has not filed a complaint or an application to proceed *in forma pauperis*, paid the full $402 filing fee, or otherwise responded Judge Koppe's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Koppe's order expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not file a complaint and an application to proceed *in forma pauperis* by a non-prisoner or pay the full $402 filing fee for a civil action on or before May 6, 2021, this case will be subject to dismissal without prejudice for Plaintiff to file a new case with the Court when Plaintiff is able to file a complaint and an application to proceed *in forma pauperis* by a non-prisoner or pays the the full $402 filing fee." Thus, Allison had adequate warning that dismissal would result from his noncompliance with Judge Koppe's order.

I THEREFORE ORDER that this action is dismissed without prejudice based on plaintiff Ronald Allison's failure to file a complaint and an application to proceed *in forma pauperis* by a non-prisoner or pay the full $402 filing fee in compliance with Judge Koppe's order dated April 6, 2021.

/ / /

/ / /

/ / /

/ / /

I FURTHER ORDER that the Clerk of Court will close the case and enter judgment accordingly. No other documents may be filed in this now-closed case.

DATED: May 13, 2021

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE